IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THEARSA L. COLLIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-129-D |
| | § | |
| DR. MARK T. ESPER, | § | |
| Secretary of the Army, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is *Defendant's Motion for Summary Judgment* filed March 29, 2018 [ECF 55]. By his motion, defendant ESPER seeks summary judgment "against all claims and causes of action" asserted by plaintiff, and requests this action be dismissed with prejudice and that all costs be taxed against plaintiff. [*Id.*]. On September 28, 2018, plaintiff COLLIER, represented by counsel, filed an untimely response in opposition to defendant's motion for summary judgment. [ECF 64]. On October 11, 2018, defendant filed a reply to plaintiff's response and also moved for the Court to strike plaintiff's response as untimely. [ECF 65]. For the following reasons, the undersigned United States Magistrate Judge grants defendant's motion to strike and finds defendant's motion for summary judgment should be granted.[1]

I.
WORK HISTORY

Plaintiff was employed as an Education Services Specialist for the United States Army

---

[1] The parties have not consented to have the United States Magistrate Judge finally determine this case, or to "make final rulings on case dispositive motions, while reserving their right to trial before a District Judge." *See Standing Order of Reference* [ECF 63].

with the United States Military Entrance Processing Command in Amarillo, Texas from July 28, 2013 until her resignation on August 7, 2015. As an Education Services Specialist, plaintiff's "main function was to go to high schools in her assigned territory and expose educators to the benefits of the Armed Services Vocational Aptitude Battery [ASVAB]," "essentially marketing the ASVAB to teachers and students in order to garner administration of the test in their schools." [ECF 56 at 10].

A.  Complaint Background

On April 1, 2014, a workplace event occurred involving plaintiff and her supervisor Captain Sheronda Booker. [ECF 57-5 at 24-26, 28, 30, 40]. On April 3, 2014, plaintiff contacted Captain Booker's supervisor, Lieutenant Commander Peter Bissonnette, to reported that during the April 1st encounter, she felt Booker verbally attacked and interrogated her, was rude, yelled and had a threatening manner. Plaintiff further reported she felt physically threatened and that it was unsafe to come to work and advised she would be "pressing charges" against Booker, to which Bissonnette recommended plaintiff call an Equal Opportunity (EO) advisor. [ECF 57-2 at 11-13]. On April 4, 2014, plaintiff contacted Bissonette to report Booker was trying to destroy her career and request she be placed directly under Bissonette's supervision, to which he advised plaintiff to contact the Staff Judge Advocate that advises on legal matters affecting the operations of the command. [*Id.*]. On April 9, 2014, plaintiff filed an Incident Report with the Amarillo Police Department regarding the April 1st incident. [ECF 57-4 at 139-45].

On April 23, 2014, plaintiff submitted an Inspector General Action with the Inspector General for the Department of Defense (IG) requesting a transfer within her division as a result of alleged "Discourtesy, Harassment, Bullying, Abuse of Authority and Threats" by her supervisors.[2]

---

[2] The record contains an Inspector General Action Request from plaintiff designated as "#1," unsigned and undated, with attached statements dated April 14, 2015 complaining of abuse of authority by plaintiff's supervisors, hostile work environment, discourteous and unfair treatment, harassment and bullying, threats and reprisals, and false accusations. [ECF 57-4 at 176-79].

[ECF 57-4 at 180]. The IG advised plaintiff the matters were not appropriate for the IG and that she should utilize the provided information on the Administrative Grievance System. [ECF 57-4 at 147, 156, 157-75]. On June 24, 2014, plaintiff submitted an Inspector General Action Request with the IG requesting the IG modify an unfavorable evaluation that was made in reprisal for reporting the April 1st incident and change her supervisor. [ECF 57-5 at 3-6, 7-9]. On June 25, 2014, the IG not only advised plaintiff again that the matters presented were not appropriate for the IG and that the proper form of redress was the Administrative Grievance System, but further advised that if she felt she was "being reprised against" then she should complete a Department of Defense reprisal complaint and provided an online link to the form. [ECF 57-5 at 2].

## II.
## EEOC ADMINISTRATIVE HISTORY

On July 10, 2014, plaintiff made her initial contact with an EEO official by telephone to report her allegation of age discrimination. On July 11, 2014, the EEO Specialist filed an Information Inquiry Summary documenting plaintiff's initial contact and allegation of age discrimination. The summary noted the specialist clarified the EEO process to plaintiff, emphasized the 45-calendar day prescribed time limitation for initiating the EEO complaint process,[3] and requested a statement from plaintiff. [ECF 57-3 at 196, 57-4 at 2-4]. In a memo pre-dated July 8, 2014, with the subject line "EO Complaint," plaintiff alleged she was discriminated against in the workplace on the basis of her age and as a result of a hostile work environment as demonstrated by events occurring April 1-25, 2014 and June 24, 2014. [ECF 57-4 at 2-4]. Throughout July 2014, the EEO specialist conducted an investigation into plaintiff's allegations of age discrimination and a hostile work environment. [ECF 57-5 at 85-87, 89-90]. On August 8,

---

[3]Only complained of acts occurring May 17, 2014 to July 10, 2014, within forty-five (45) days prior to the July 10, 2014 initial contact date, were proper for consideration. *See* 29 C.F.R. § 1614.105(a)(1).

2014, plaintiff amended her EEO allegations to include a claim of reprisal; as a result, the EEO specialist expanded the investigation throughout August to include the new reprisal allegation.[4] [ECF 57-5 at 92-93, 95, 97-98, 108-09].

On September 3, 2014, the final counseling interview was held in connection with plaintiff's EEO claims. At this interview, plaintiff "officially notified" the EEO specialist she was "electing to by-pass the EEO Administrative Process and address [her] allegation of Age discrimination in a civil action directly with the United States District Court – Amarillo Division." [ECF 57-4 at 13]. Even so, on September 4, 2014, the EEO specialist issued plaintiff a *Notice of Right to File a Formal Complaint of Discrimination* advising plaintiff of her right to file a formal complaint of discrimination within fifteen (15) calendar days of receipt of the notice. [ECF 57-4 at 13-15]. Plaintiff received her notice on September 8, 2014. [ECF 57-3 at 118].

On September 23, 2014, plaintiff timely filed a Formal Complaint of Discrimination with the EEOC alleging age discrimination for various actions taken by her supervisors from April 1-7, 2014 and June 25-26, 2014, as well as on July 13, 2014, and alleging reprisal for prior protected EEO activity as exemplified by various actions taken by her supervisors from April 21, 2014 to September 11, 2014.[5]  [ECF 57-3 at 115-17; 57-4 at 6-11]. On October 14, 2014, the EEOC dismissed plaintiff's complaint finding the majority of plaintiff's claims should be dismissed because plaintiff "indicated a desire to pursue her claims in Federal District Court."[6]  [ECF 57-3 at 106-12].

---

[4]Specifically, the new allegation was that plaintiff was allegedly subjected to reprisal based on her on-going EEO Pre-Complaint when, on August 8, 2014, she was informed by a newly-appointed investigating officer that she was being investigated for time and attendance improprieties dating from February to May 2014.

[5]Plaintiff signed her administrative complaint on September 20, 2014 and mailed the complaint on September 23, 2014, said complaint being received by the EEOC on September 24, 2014.

[6]The Agency dismissed the complaint after receiving correspondence from plaintiff indicating her intent to file in district court; however, plaintiff did not have a pending civil discrimination action in this Court at the time of the dismissal. A copy of this dismissal is not included in the summary judgment evidence.

On March 31, 2016, in response to plaintiff's timely appeal, the EEOC vacated the October 14, 2014 final order and remanded the claims to the Agency for further processing, finding dismissal was improper absent any evidence that plaintiff had, in fact, filed a civil action in federal court and that those civil claims were the same as the claims raised in the EEOC proceeding. [ECF 57-3 at 106-12]. The EEOC specifically noted its decision required the Agency to continue its administrative processing of plaintiff's complaint, but advised plaintiff could, alternatively, exercise the right to file a civil action with the federal court instead. The EEOC warned, however, that "[f]iling a civil action [would] terminate the administrative processing of [her] complaint." [ECF 57-3 at 110]. On April 8, 2016, the EEO age discrimination and reprisal/retaliation claims were reinstated and an investigation ordered. [ECF 17 at 22]. On June 27, 2016, however, plaintiff filed the instant civil action in this Court. On July 6, 2016, the EEO officer for the Agency dismissed plaintiff's complaint "in its entirety" due to the filing of the instant lawsuit asserting plaintiff's claims. [ECF 57-3 at 118-23].

## III.
## PROCEDURAL HISTORY

In her *Original Complaint*, plaintiff brought suit against defendant for unlawful employment practices in violation of 42 U.S.C. § 2000e et seq. [hereinafter "Title VII"] and the Age Discrimination in Employment Act of 1967 ["ADEA"] as amended, 29 U.S.C. § 621 et seq.,[7] alleging discrimination against plaintiff on the basis of her race, gender and age, creating a hostile work environment, and retaliation for engaging in a protected activity [ECF 1]. Under paragraph D. entitled "EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT," plaintiff stated:

Your Plaintiff timely filed a charge of discrimination against these Defendants with

---

[7]Plaintiff also pled, "in the alternative if need be," to 29 C.F.R. § 1614.407, Civil Action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within ninety (90) days after receiving a notice of the right to sue from the EEOC upon a remanded appeal dated March 31, 2016. A copy of the notice of the right to sue is attached as Exhibit A. All conditions precedent to jurisdiction have occurred or been complied with prior to the filing of this Original Complaint.

On March 30, 2017, plaintiff acknowledged her "claims for race and gender discrimination were not properly preserved in her initial EEO complaint with the Department of the Army" and abandoned such claims, indicating her intention "to proceed only on her complaints of age discrimination, retaliation, [and] a hostile working environment." [ECF 19 at 7]. On April 4, 2017, this Court dismissed plaintiff's claims of race and gender discrimination for failure to exhaust her administrative remedies.[8] [ECF 20].

In her *First Amended Complaint* filed May 2, 2017, plaintiff alleged defendant intentionally discriminated against her on the basis of her age in violation of Title VII, subjected her to a hostile work environment, discriminated against her based on reprisal, and retaliated against her for engaging in a protected activity. [ECF 21]. Under paragraph D. entitled "EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT," plaintiff stated:

> Your Plaintiff timely filed a charge of discrimination against the Defendant's agent, servant, and/or Employees, Captain Sheronda Booker and Lieutenant Commander Peter Bissonnette with the Equal Employment Opportunity Commission (EEOC). Plaintiff filed the Original Complaint within ninety (90) days after receiving a notice of the right to sue from the EEOC upon a remanded appeal dated March 31, 2016, (attached as exhibit A). Plaintiff timely filed suit in the instant case on June 27, 2016 and had thus exhausted her administrative remedies. All conditions precedent to jurisdiction have occurred or been complied with prior to the filing of this First Amended Complaint. Pleading in the alternative if need be, your Plaintiff files this action pursuant to 29 C.F.R. §§1614.407 and 1614.408.

The Court subsequently denied defendant's motion to dismiss plaintiff's claims of discrimination or hostile work environment arising prior to May 26, 2014 for lack of subject

---

[8] The Court also dismissed, as named defendants, plaintiff's overall and first line supervisors.

matter jurisdiction as barred from consideration because they were not timely raised during the administrative process. [ECF 22, 28]. The Court also denied defendant's motion to dismiss plaintiff's amended complaint for failure to state a claim due to insufficient facts to support a plausible claim of discrimination or a claim of retaliation. [*Id*.].

Defendant subsequently filed the instant motion for summary judgment, to which plaintiff has filed an untimely response and defendant has filed a reply seeking to strike plaintiff's response.

## IV.
## STANDARD OF REVIEW

A summary judgment movant must show by affidavit or other evidence that there is no genuine issue regarding any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To establish there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied,* 510 U.S. 859 (1993). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Houston,* 922 F.2d 1183, 1187 (5th Cir. 1991). In order for a court to conclude there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 4 (1986).

In making this determination, the court should review all the evidence in the record, giving

credence to the evidence favoring the nonmovant, as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000).

Again, plaintiff, although ultimately filing a response to defendant's motion, filed such response far beyond the responsive time limits without any request for leave of Court to do so, nor any request for any extension of the response period. Moreover, plaintiff fails to provide any good cause or show any excusable neglect to allow for the late filing. The decision to allow an untimely response is ultimately at the discretion of the Court. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-96 (1990). Defendant's argument that the Court should strike plaintiff's response to the motion for summary judgment as untimely and consider the motion as uncontroverted is well taken. The Court will exercise its discretion and strike plaintiff's untimely response.

Although the Court is not permitted to enter a "default" summary judgment, the Court is allowed to accept the evidence adduced by plaintiff as undisputed. *See, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Moreover,

> [i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. Proc. 56(e)(2), (3).

## V.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant contends plaintiff's *Amended Complaint* alleges only "age discrimination and reprisal"; accordingly, defendant urges that the "only claims in this litigation are age

discrimination and reprisal under the ADEA." [ECF 56 at 30]. Defendant argues plaintiff failed to exhaust her administrative remedies with regard to these claims and, thus, is now prohibited from raising them in a civil action with this Court. Defendant concludes he is therefore entitled to summary judgment.[9]

As plaintiff's only remaining claim of discrimination is based on age, a claim necessarily raised under the ADEA, the Court likewise construes her claim of a hostile work environment to also be one based on age discrimination under the ADEA. *Cf. Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (holding a hostile work environment claim based on age discrimination under the ADEA may be advanced in the Fifth Circuit). Similarly, as plaintiff's claim of reprisal or retaliation is based on her protected activity of filing the age discrimination and hostile work environment claims with the EEO, or opposing the alleged age discriminatory practices, the Court also finds her reprisal claim to be raised under the ADEA.[10]

Before filing suit under the ADEA, a plaintiff must either file a complaint with the EEO division of his or her agency, or give notice of his or her intent to sue to the EEOC. *Leal v. McHugh*, 731 F.3d 405, 409 n.5 (5th Cir. 2013); *Allard v. Holder*, 494 F. App'x 428, 431 (5th Cir. 2012); 29 U.S.C. § 633a(d) (allowing an employee to file ADEA suit without first pursuing administrative remedies but requiring 30 days' notice to the EEOC of intent to sue); 29 C.F.R. § 1614.201(a) (same). Although the administrative process is optional for ADEA claims, once an employee chooses the administrative route for a claim of age discrimination, administrative

---

[9]Defendant also contends he is entitled to summary judgment because no genuine issue of material fact exists as to whether plaintiff can show a prima facie case of age discrimination, hostile work environment based on age discrimination, or retaliation for engaging in a protected activity related to the alleged age discriminatory practices. Defendant further argues the Agency has set forth legitimate nondiscriminatory reasons for all employment decisions and plaintiff has failed to demonstrate any genuine issue of material fact showing such reasons were a pretext for age discrimination. As the undersigned finds defendant is entitled to summary judgment as a result of plaintiff's failure to exhaust her administrative remedies with regard to her ADEA claims, the undersigned does not reach these issues.

[10]Title 29 U.S.C. § 633a specifically addresses nondiscrimination on account of age in Federal Government employment.

exhaustion is mandatory.  *See Smith v. Potter*, 400 F. App'x 806, 810 (5th Cir. 2010).

That is, an ADEA employee who chooses the EEOC administrative route, "must await final action by that agency before filing an action in the federal district court." *White v. Frank*, 895 F.2d 243, 244 (5th Cir. 1990) (adopting *White v. Frank*, 718 F.Supp. 592, 595 (W.D. Tex. 1989)).  Specifically, such employee must obtain an administrative resolution of his or her complaint and receive a right to sue letter before commencing suit in federal court. *See* 29 C.F.R. § 1614.105(d).  "To withdraw is to abandon one's claim, to fail to exhaust one's remedies. Impatience with the agency does not justify immediate resort to the courts." *White*, 895 F.2d at 244 (quoting *Rivera v. United States Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir. 1987), *cert. denied,* 48 U.S. 1009 (1988)).

"Courts should not condone lawsuits that exceed the scope of EEOC exhaustion" because that would undermine the effectiveness of the EEOC process. *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII case).  The EEOC administrative process only works if the parties submit the dispute to the agency, so that the agency can investigate and attempt to settle the cases without the courts' involvement.  *See Pacheco v. Mineta*, 448 F.3d 783, 788-89 (Title VII case).

Here, plaintiff chose to pursue the EEOC administrative route with regard to her age discrimination allegations.  When her complaint was initially dismissed, plaintiff chose to timely appeal that administrative decision and succeeded in having the administrative proceeding reinstated and her claims remanded for further administrative processing.  This administrative processing of plaintiff's age discrimination complaints was ongoing when plaintiff filed the instant civil action.  The March 31, 2016 EEOC decision vacating the initial improper dismissal, while notifying plaintiff of her right to file a civil action in federal court, also clearly warned that filing a civil action would terminate the administrative processing of plaintiff's EEO complaint.

While the EEOC decision did not specifically warn plaintiff may be required to exhaust the administrative process prior to filing a civil action, or that termination of the administrative processing of plaintiff's complaint could result in a subsequent judicial finding that administrative remedies were not exhausted, the Court does not find the absence of such a warning excused plaintiff from the requirement to exhaust her administrative remedies.  Moreover, the Court notes plaintiff was represented by legal counsel during both the administrative and judicial proceedings.

Nevertheless, it is clear from the record that plaintiff did not allow the EEO process to reach a final determination as to the merits of her claims.  Instead, plaintiff prematurely filed suit in this Court while the EEO investigation was underway, even though she was required to exhaust her administrative remedies with respect to her ADEA claims before filing a civil action.  *Cf. Hill v. Dep't of Veterans Affairs*, 2009 WL 348767, at *3 (5th Cir. Feb.12, 2009); *Herod v. Potter*, 255 F. App'x 894, 896 (5th Cir. 2007); *Rann v. Chao*, 346 F.3d 192 (D.C. Cir. 2003) (holding summary judgment was appropriate because plaintiff's ADEA suit was barred for failure to exhaust administrative remedies after the Agency dismissed his complaint); *Thomas v. Donahoe*, 2015 WL 2061786 (E.D. Tex. 2015) (dismissing ADEA case for lack of subject matter jurisdiction for failure to exhaust or timely file civil suit).

The undersigned finds no genuine issue of material fact exists as to the following:  plaintiff did not complete the administrative process with regard to her ADEA age discrimination claim, hostile work environment claim based on age discrimination, and her reprisal/retaliation claim based on engaging in prior protected activity in reporting defendant's alleged age discriminatory practices.  Having carefully considered the parties' arguments in light of the authorities cited above, the undersigned finds plaintiff's failure to exhaust her administrative remedies prior to filing suit bars plaintiff from proceeding on her claims.  Therefore, the undersigned concludes defendant is entitled to summary judgment.  Accordingly, *Defendant's Motion for Summary*

*Judgment* should be granted and plaintiff's complaint dismissed with prejudice.

## VI.
## COSTS

In his motion for summary judgment, defendant requests all costs be taxed against plaintiff. Based on the nature of this case, the undersigned finds each party should bear its own costs, expenses and attorneys' fees.

## VII.
## RECOMMENDATION

For the above reasons and the reasons set forth in defendant's *Brief in Support of Motion for Summary Judgment* filed March 29, 2018 [ECF 56] and *Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment and Motion to Strike Plaintiff's Untimely Response* [ECF 65], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that *Defendant's Motion for Summary Judgment* [ECF 55] be GRANTED, and *Plaintiff's First Amended Complaint* be DISMISSED WITH PREJUDICE.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 27, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).